IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **RONALD SATISH EMRIT,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-643-ALM-KPJ |
| **SABINE AISHA JULES,** | § § § | |
| Defendant. | § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above-styled case was referred to the undersigned for pretrial proceedings under 28 U.S.C. § 636. Upon consideration, the Court concludes that it is without subject matter jurisdiction. Therefore, under Federal Rule of Civil Procedure 12(h)(3), the Court recommends the case be **DISMISSED WITHOUT PREJUDICE** and any pending motions be **DENIED AS MOOT**.

I.  BACKGROUND

On July 11, 2023, Ronald Satish Emrit ("Plaintiff"), proceeding *pro se*, initiated the instant lawsuit by filing a complaint (the "Complaint") (Dkt. 1) against his former spouse for "tortious interference with family relations."[1] Dkt. 1 at 2, 6. While the marriage ended in divorce several years ago, Plaintiff now seeks an annulment to hide his previous marriage—and marital child—from his current fiancée. *Id.* at 5. He contends the Court should grant an annulment because his "previous marriage . . . is extremely embarrassing" to him, and he "wants to re-write his life story

---

[1] There appears to be no such cause of action in Texas. *Cf.* TEX. FAM. CODE ANN. § 42.002 (imposing liability on any person who wrongfully "takes or retains possession of a child").

1

to exclude his previous marriage." *Id.* In so doing, Plaintiff hopes he will not have to "inform his 'Ukrainian princess' that he was married to a woman who is not his type." *Id.* at 8.

In addition, Plaintiff, displaying remarkable candor, admits he "is now 'forum shopping' in several federal courts to obtain an annulment." *Id.* at 2. To date, Plaintiff has filed thirty nearly identical lawsuits across the United States. *See Emrit v. Jules*, No. 23-cv-908, 2023 WL 4706005, at *2 (E.D. Mo. July 24, 2023) ("[T]he Court has found thirty separate lawsuits, many of them nearly identical, all naming . . . plaintiff's ex-wife . . . as defendant, and generally accusing her of tortious interference with family relations.").

As a jurisdictional hook, Plaintiff bases his claim "on a theory of federal question of Equal Protection, Due Process, Freedom of Association, Right to Privacy, [and] Privileges and Immunities." *Id.* at 3. And, while Plaintiff admits "the amount in controversy does not exceed $75,000," he contends the Court nevertheless has diversity jurisdiction over this action. *Id.*

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 12(h)(3) provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Thus, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing FED. R. CIV. P. 12(h)(3)). Therefore, courts may dismiss an action even if the defendant does not move for dismissal. *See Redmond v. Wells Fargo Bank N.A.*, No. 21-mc-5, 2022 WL 3142343, at *9 (E.D. Tex. Aug. 5, 2022) (collecting cases); *see also May v. Tex. by Cascos*, No. 16-cv-238, 2017 WL 7513550, at *5 (N.D. Tex. Nov. 27, 2017) ("The court therefore '[has] the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297

(5th Cir. 1985))), *R. & R. adopted*, 2018 WL 798738 (N.D. Tex. Feb. 8, 2018). A dismissal for lack of subject matter jurisdiction is without prejudice, as it is "not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)) (internal quotation marks omitted).

Here, Plaintiff contends the Court has both federal question and diversity jurisdiction. Dkt. 1 at 4. After considering each in turn, the Court concludes it has neither.

A.    **Federal Question Jurisdiction**

A federal court has federal question "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the federal question forms "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (first citing *Starin v. New York*, 115 U.S. 248, 257 (1885); and then citing *First Nat'l Bank v. Williams*, 252 U.S. 504, 512 (1920)). Merely referencing federal law is insufficient to furnish jurisdiction. *See Emrit v. Jules*, 23-cv-31, 2023 WL 5207449, at *3 (S.D. Tex. July 31, 2023) (collecting cases).

While Plaintiff cites several constitutional provisions, none relate to his tortious interference claim. Rather, Plaintiff appears hopeful that referencing these provisions will, in and of themselves, create a federal question. *Compare* Dkt. 1 at 4 (contending the Court has subject matter jurisdiction "because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause"), *with id.* at 6 ("The plaintiff argues that the sole defendant . . . committed tortious interference with family relations by interfering with his prior engagement . . . ."). His hope is misplaced. Because federal law does not

3

form an essential element of Plaintiff's claim, the Court is without federal question jurisdiction. *See Gully*, 299 U.S. at 109.

**B.     Diversity Jurisdiction**

A federal court has diversity "jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). But Plaintiff, who has the burden of proving subject matter jurisdiction, admits that "the amount in controversy does not exceed $75,000." Dkt. 1 at 4. Because Plaintiff concedes there is a jurisdiction infirmity, he has not met his burden of proof. Even if he had, the Court would not have jurisdiction to issue an annulment under the domestic relations exception. *See e.g.*, *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982) (finding annulments are "at the core of the domestic relations exception"). Therefore, the Court is without diversity jurisdiction.

Because the Court has neither federal question nor diversity jurisdiction, Plaintiff's sole cause of action should be dismissed without prejudice. *See Mitchell*, 982 F.3d at 944.[2]

**C.     Leave to Amend**

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*,

---

[2] At least five other courts have ruled the same way, dismissing Plaintiff's case without prejudice for want of subject matter jurisdiction. *See Emrit*, 2023 WL 5207449, at *2–*3; *Emrit*, 2023 WL 4706005, at *5–*8; *Emrit v. Jules*, No. 23-110, 2023 WL 2898502, at *2 (E.D. Ky. Apr. 11, 2023); *Emrit v. Jules*, No. 23-cv-2305, 2023 WL 4864980, at *2–*3 (D. Kan. July 31, 2023); *Emrit v. Jules*, No. 23-978, 2023 WL 6794355, at *1–*2 (D. Md. Oct. 13, 2023). In addition, most other courts have noted the absence of subject matter jurisdiction before dismissing the case on other grounds. *See, e.g.*, *Emrit v. Jules*, No. 23-cv-3122, 2023 WL 4705744, at *1 (D. Neb. July 24, 2023) (recognizing the likely absence of subject matter jurisdiction but dismissing without prejudice for improper venue); *Emrit v. Jules*, No. 23-cv-278, 2023 WL 4477242, at *1–*3 (N.D. Okla. July 11, 2023) (same); *Emrit v. Jules*, No. 23-cv-3, 2023 WL 1973287, at *2–*3 (N.D. Ga. Jan. 19, 2023) (determining it lacked subject matter jurisdiction but dismissing as frivolous under 28 U.S.C. § 1915).

587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court finds that permitting Plaintiff to amend his complaint would be futile. The jurisdictional issues are incurable. No matter how many constitutional provisions and federal laws Plaintiff cites, the Court cannot exercise federal question jurisdiction over his claim. *See Salem v. Alakhtaby*, No. 18-2249, 2019 WL 13419388, at *1 (S.D. Tex. Mar. 20, 2019) ("[M]erely invoking a federal statute . . . does not create a federal question." (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001))). Even if Plaintiff were to amend his complaint to satisfy diversity jurisdiction, his claim would be barred by the domestic relations exception. *See Csibi*, 670 F.2d at 137. Accordingly, leave to amend should be denied.[3]

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE** and any pending motion be **DENIED AS MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

---

[3] Even if the Court had subject matter jurisdiction, the Complaint (Dkt. 1) could be dismissed on several alternative grounds. Plaintiff is a well-known vexatious litigant, who is—in his own words—"forum shopping." Dkt. 1 at 2 (internal quotation marks omitted). To that end, Plaintiff filed at least thirty nearly identical lawsuits in courts across the United States, which have been dismissed on myriad grounds. *See, e.g.*, *Emrit*, 2023 WL 5207449, at *4 ("Plaintiff's claims replicate the allegations of at least 30 of his previous lawsuits filed in multiple districts.").

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## IV.   ORDER

**IT IS ORDERED** that the Clerk of Court is directed to send a copy of this Report and Recommendation to Plaintiff by certified mail return receipt requested and to Plaintiff's email address, einsteinrockstar@hotmail.com.[4]

**So ORDERED and SIGNED this 24th day of October, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff provides his email address in the Complaint (Dkt. 1) as einsteinrockstar@hotmail.com. *See* Dkt. 1 at 9.